# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHEILA ANN TEAGUE,        )<br>                          )<br>   Plaintiff,              )<br>                          )<br>   v.                     )<br>                          )<br>KILOLO KIJAKAZI, Acting   )<br>Commissioner of Social Security,[1] )<br>                          )<br>   Defendant.             ) | Case No. CIV-20-762-AMG |

## MEMORANDUM OPINION AND ORDER

Sheila Ann Teague ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for supplemental security income ("SII") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 18, 22), and the parties have fully briefed the issues. (Docs. 26, 27, 29).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 20, 21). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I. Procedural History

Plaintiff filed an application for SSI on November 29, 2017, alleging a disability onset date of January 1, 2012. (AR, at 165-71). The SSA denied the application initially and on reconsideration. (*Id.* at 89-102). Then an administrative hearing was held on July 18, 2019. (*Id.* at 123-51). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id.* at 12-31). The Appeals Council subsequently denied Plaintiff's request for review. (*Id.* at 1-6). Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 29, 2017, the application date. (AR, at 17). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "chronic obstructive pulmonary disease (COPD) and depressive disorder (20 CFR 416.920(c))." (*Id.*) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at 18). The ALJ then determined that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant can have occasional exposure to extreme temperatures, environmental and respiratory irritants, and humidity. She can perform simple, routine, repetitive tasks, with no strict production requirements, no more than occasional changes in work setting, no public contact, and no more than occasional and superficial contact with co-workers and supervisors.

(*Id*. at 20). At Step Four, the ALJ found that Plaintiff has no past relevant work. (*Id*. at 25). Finally, at Step Five, the ALJ concluded that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and could work as a hospital cleaner, price marker, or routing clerk. (*Id*. at 26). Thus, the ALJ found that Plaintiff had not been under a disability since November 29, 2017. (*Id*.)

### III.   Claims Presented for Judicial Review

On appeal, Plaintiff raises one issue – that "the ALJ failed to explain her rejection [of] every medical opinion appropriately," in particular the July 2018 physical assessment by Novyce Ferguson, APRN, CNP. (Doc. 26, at 6-7).[3] Plaintiff asserts that the ALJ "failed to consider all the evidence" in her determination that "APRN Ferguson's opinion is not supported by her treatment notes." (*Id*. at 9). Because of this, Plaintiff argues that "the ALJ's RFC is wholly unsupported" and "[r]emand is required." (*Id*. at 8).

In response, the Commissioner argues that "the ALJ reasonably assessed both [APRN Ferguson's opinion and Plaintiff's subjective claims] in light of the medical evidence, finding Plaintiff was less limited than she claimed and the nurse opined." (Doc. 27, at 2). The Commissioner explains that the ALJ appropriately discounted APRN Ferguson's physical assessment after concluding the opinion was unsupported by both her

---

[3] Plaintiff also takes issue with the ALJ's discounting of the opinions of the state agency consultants (Doc. 26, at 7, 12), but does not articulate how the ALJ's consideration of these medical opinions was deficient. The undersigned likewise will not address this conclusory and undeveloped argument. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review.").

own treatment records and other evidence in the record. (*Id.* at 10). Because of this, the Commissioner argues that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. (*Id*. at 13).

### IV. The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 416.921; *see* 20 C.F.R. §§ 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir.

1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[4] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial

---

[4] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

5

evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## V.  The ALJ Adequately and Appropriately Considered APRN Ferguson's Medical Opinion.

Under the applicable regulations,[5] the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[,] . . . including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ

---

[5] The regulations governing the agency's evaluation of medical evidence were revised effective March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017), *as amended in* 82 Fed. Reg. 15132 (Mar. 27, 2017).

considers those opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." *Id*. § 416.920c(c). Supportability and consistency are the most important factors. *Id*. § 416.920c(b)(2). "Supportability" examines how closely connected a medical opinion is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." *Id*. § 416.920c(c)(1). "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 416.920c(c)(2). The ALJ must articulate how persuasive she finds a medical opinion. *Id*. § 416.920c(b). In doing so, the ALJ is required to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions." *Id*. § 416.920c(b)(2).[6] "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon as well as

---

[6] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record. *See* 20 C.F.R. § 416.920c(b)(2), (3).

7

significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted).

Plaintiff claims that that the ALJ improperly rejected the July 2018 physical assessment and medical opinion by LPRN Ferguson. As to this opinion, the ALJ found, in part:[7]

> [i]n the physical assessment, Ms. Ferguson advised that due to COPD and an inhaler side effect of nervousness, the claimant could not sustain even sedentary work because she would likely be absent from work more than four times a month (6F). Ms. Ferguson treated the claimant for COPD and depression, such that her direct observations of the claimant over time informed her assessment of the claimant's mental and physical functioning.
>
> . . . .
>
> However, I find Ms. Ferguson's physical assessment is **not persuasive**. First, Ms. Ferguson's **treatment notes do not support** disabling respiratory symptoms due to COPD, including typically normal exams of the claimant's lungs and that oxygen saturation was typically within normal limits and never more than mildly decreased (3F/6, 8, 10; 4F/5; 7F/4, 6; 8F/5). **Nor do Ms. Ferguson's treatment notes document** a side effect of nervousness incident to use of inhalers. The physical assessment is also **inconsistent** with noted spirometry in/around January 2018, which showed no more than moderate obstruction and minimal resistance, and with consultative pulmonary function testing the following March suggesting reduced diffusing capacity indicated a minimal loss of functional alveolar capillary surface (2F; 3F/8).

(*Id*. at 24-25) (emphasis added).

The ALJ articulated that she did not find the physical assessment in LPRN Ferguson's medical opinion persuasive. She expressly considered the supportability and consistency factors.

---

[7] The mental assessment conducted by APRN Ferguson in July 2018 is not at issue in this appeal.

In discussing consistency, the ALJ noted that she found the physical assessment inconsistent with other medical evidence in the record, including spirometry testing in/around January 2018 "which showed no more than moderate obstruction and minimal resistance," and consultative pulmonary function testing in March 2018. (AR, at 24).

In discussing supportability, the ALJ explained that she found the physical assessment to be unsupported by LPRN Ferguson's own treatment records. (*Id.*) Plaintiff argues that the ALJ selectively and impermissibly ignored certain treatment records in making this determination; specifically, "findings of ronchi," "wheezing and ronchi," "back pain caused by coughing . . . confirmed on examination in April 2019," and various complaints made by Plaintiff to APRN Ferguson. (Doc. 26, at 9-10). But it is clear from the ALJ's opinion that she did consider APRN Ferguson's treatment records in her evaluation of the record and found them evidence of largely normal lung function and probative of non-disability. (AR, at 22, 25). Further, the ALJ was not required to consider Plaintiff's subjective complaints noted by APRN Ferguson in her treatment records as medical evidence. *See Lopez v. Astrue*, 807 F. Supp. 2d 750, 764 (N.D. Ill. 2011) ("[A] doctor's notation of a claimed symptom or subjective complaint from the patient is not medical evidence. It is 'the opposite of medical evidence.'") (quoting *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010)).

Plaintiff also asserts that "the ALJ appears to have relied in part, on Plaintiff's failure to quit smoking despite repeated counseling on the subject," and argues that "the ALJ should not rely on the failure to quit smoking to find Plaintiff's statements regarding her COPD are not credible." (Doc. 26, at 10). But the failure to quit smoking was not cited

9

by the ALJ as a factor in conducting her analysis of the persuasiveness LPRN Ferguson's physical assessment, which the undersigned has already found adequate, and thus does not appear related to the issue on appeal.

The ALJ met the requirements of the regulations in evaluating LPRN Ferguson's medical opinion and that evaluation is supported by substantial evidence. Plaintiff's request that the Court find otherwise is nothing more than a request to reweigh the evidence, and this Court must decline that request. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Id.* Accordingly, the Commissioner's decision should be affirmed.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 23rd day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE